IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JARRED CRENSHAW,
BO ADAMS,
STEPHANIE CAIRNS,
MOLLY FOLLEY,
RACHEL HERNANDEZ,
MADELINE HOWES,
APRIL LAKEY,
MICHELLE MARTIN,
THOMAS QUINTERO,
EVELYN RINCON,
VAUGHN RICHARDSON,
ALEXANDRA ROCAMONTES,
AMY SCHAFFNER,
CONNOR SONERHOLTERS, and
MARSHALL WOMBLE,

    Plaintiffs,

v.   C.A. No.:   1:20-cv-851

BRODIE STORE, INC., D/B/A WHIP IN,
ARIF PRASLA, ZAHIR PRASLA, and
WALID PRASLA,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, JARRED CRENSHAW, BO ADAMS, STEPHANIE CAIRNS, MOLLY FOLLEY, RACHEL HERNANDEZ, MADELINE HOWES, APRIL LAKEY, MICHELLE MARTIN, THOMAS QUINTERO, EVELYN RINCON, VAUGHN RICHARDSON, ALEXANDRA ROCAMONTES, AMY

SCHAFFNER, CONNOR SONERHOLTERS, and MARSHALL WOMBLE (hereinafter sometimes referred to collectively as "Plaintiffs"), by and through their undersigned counsel, sue Defendants, BRODIE STORE, INC., D/B/A WHIP IN, ARIF PRASLA, ZAHIR PRASLA, and WALID PRASLA (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof state as follows:

## SUMMARY

Defendants operate a combined convenience store and gastropub called the Whip In, in Austin, Texas.  The Defendants failed to pay Plaintiffs the legal minimum wage as required by the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq*.  Defendants also failed to pay appropriate minimum wages to Plaintiffs pursuant to the FLSA.  Defendants' violations include (1) retaining portions of employee tips while simultaneously claiming a tip credit pursuant to Section 3(m) of the Fair Labor Standards Act (29 U.S.C. § 203(m)); and, (2) requiring tipped employees to perform non-tipped work or side work in excess of Department of Labor regulations.

## INTRODUCTION

1.  This is an action by Plaintiffs against their employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid minimum wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants have offices Travis County, Texas.

## THE PARTIES

4. Defendants, ARIF PRASLA, ZAHIR PRASLA, and WALID PRASLA, own and operate the Defendant, BRODIE STORE, INC., D/B/A WHIP IN.

5. Defendants, ARIF PRASLA, ZAHIR PRASLA, and WALID PRASLA, are residents of Travis County, Texas.

6. Defendant, BRODIE STORE, INC., D/B/A WHIP IN, is a corporation formed and existing under the laws of the State of Texas and maintains its main office in Travis County, Texas.

7. Defendant BRODIE STORE, INC., D/B/A WHIP IN, and Defendants, ARIF PRASLA, ZAHIR PRASLA, and WALID PRASLA, are joint employers of the Plaintiffs as defined under 29 CFR §791.2.

8. ARIF PRASLA, ZAHIR PRASLA, and WALID PRASLA, individually and as agents and owners of BRODIE STORE, INC. D/B/A WHIP IN, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of wages and tips, and (4) maintained employment records.

9. Plaintiffs, JARRED CRENSHAW, BO ADAMS, STEPHANIE CARINS, MOLLY FOLLEY, RACHEL HERNANDEZ, MADELINE HOWES, APRIL LAKEY, MICHELLE MARTIN, THOMAS QUINTERO, EVELYN RINCON, VAUGHN RICHARDSON, ALEXANDRA ROCAMONTES, AMY SCHAFFNER, CONNOR SONERHOLTERS and MARSHALL WOMBLE, are individuals residing in Travis County, Texas.

10. Plaintiff, JARRED CRENSHAW, was employed by Defendants from June of 2019 to the present.

11. Plaintiff, BO ADAMS, was employed by Defendants from October of 2019 to May of 2020.

12. Plaintiff, STEPHANIE CAIRNS, was employed by Defendants from November of 2019 to April of 2019.

13. Plaintiff, MOLLY FOLLEY, was employed by Defendants from June of 2019 to the present.

14. Plaintiff, RACHEL HERNANDEZ, was employed by Defendants from

October of 2019 to March of 2020.

15. Plaintiff, MADELINE HOWES, was employed by Defendants from June of 2019 to the present.

16. Plaintiff, APRIL LAKEY, was employed by Defendants from June of 2019 to August of 2019.

17. Plaintiff, MICHELLE MARTIN, was employed by Defendants from approximately February of 2018 to December of 2018.

18. Plaintiff, THOMAS QUINTERO, was employed by Defendants from November of 2018 to June of 2019.

19. Plaintiff, EVELYN RINCON, was employed by Defendants from June of 2019 to the present.

20. Plaintiff, VAUGHN RICHARDSON, was employed by Defendants from September of 2019 to March of 2020.

21. Plaintiff, ALEXANDRA ROCAMONTES, was employed by Defendants from approximately January 2019 to June of 2019.

22. Plaintiff, AMY SCHAFFNER, was employed by Defendants from approximately August of 2019 to March of 2020.

23. Plaintiff, CONNOR SONERHOLTER, was employed by Defendants from approximately March of 2019 to August of 2019.

24. Plaintiff, MARSHALL WOMBLE, was employed by Defendants from

approximately October of 2018 to March of 2020.

25. All Plaintiffs worked as bartenders during their respective employment tenures with the Defendants. Defendants also employed Plaintiffs, JARRED CRENSHAW, and BO ADAMS, as Assistant General Managers. Throughout Plaintiffs' employment, Defendants took a tip credit pursuant to 29 U.S.C. § 203(m) and paid Plaintiffs rates ranging from $2.13 per hour (bartenders) to $5.50 per hour (Assistant General Managers).

26. At all times material hereto, Defendants required Plaintiffs to participate in a tip pool. Defendants' maintained a practice of retaining part of the tip pool for the owners and management.

27. Defendants, jointly and severally, have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff and the class members were employed.

28. At all times material to this complaint, Defendants, jointly and severally, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

29. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce. Specifically, Plaintiffs handled and sold wines and imported beer, such as: Rodenbach, Petrus, Stieglitz, La Fin Du Monde, Hitachino,

Westmalle, Delirium Tremens, Lindemans, Great Divide, Odell, Jolly Pumpkin, Sierra Nevada, Avery Brewing Company, Shacksbury, Anchor Steam Brewing, Lazy Magnolia, Fire Stone Walker, Deschutes, Boulevard, Northcoast, Dos XX, Modelo, Pacifico, and Guinness, which were distilled and brewed outside the state of Texas.

30. At all times material to this complaint, Defendants, jointly and severally, were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

31. At all times material to this Complaint, Defendants were the employer of the Plaintiff and others similarly situated employees and, as a matter of economic reality, Plaintiff and the class members were dependent upon Defendants for their employment.

32. Plaintiffs were each individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities.

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT

33. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 32, *supra*.

34. Plaintiffs: 1) occupied positions as bartenders, servers or managers; 2)

did not hold positions considered as exempt under the FLSA; 3) were paid on an hourly basis; and 4) did not receive the federal minimum wage for all hours worked.

35. Defendants paid Plaintiffs from $2.13 per hour to $5.50 per hour despite that fact that Plaintiff and all others similarly situated did not receive all of their tips. Defendants retained portions of the tips earned by Plaintiffs for their own personal use and benefit.

36. Throughout the employment of Plaintiffs, Defendants repeatedly and willfully violated Sections 6 and 15 of the Fair Labor Standards Act by compensating Plaintiffs at a rate less than the federal minimum wage.

37. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wage pay pursuant to 29 U.S.C. § 216(b).

38. The acts described in the above paragraphs violate the Fair Labor Standards Act, which requires Plaintiffs to be paid the minimum wage.

39. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

40. Plaintiffs are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal

Rules of Civil Procedure.

WHEREFORE, Plaintiffs demand Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiffs declaratory and/or injunctive relief as permitted by law or equity;

b. Awarding Plaintiffs their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

c. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

d. Awarding Plaintiffs liquidated damages and/or statutory penalties as provided by law;

n. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this August 14, 2020.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**

Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**